UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DIANNE DUPRE**  CIVIL CASE NO.: 2:22-CV-4136

**VERSUS**

**GEOVERA SPECIALTY**  SECTION: _____
**INSURANCE COMPANY**

### COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT through undersigned counsel comes **DIANNE DUPRE** ("Plaintiff"), who respectfully represents:

1.

Made Defendant herein:

**GEOVERA SPECIALTY INSURANCE COMPANY** ("GeoVera"), a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

The Plaintiff is a citizen of the State of Louisiana. On information and belief, GeoVera is a corporation domiciled in Delaware and headquartered in the State of California. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

GeoVera issued the policy of insurance upon which this suit is based to the Plaintiff, insuring her property located at 105 Clausen Drive, Schriever, Louisiana 70395-3508. This Court has personal jurisdiction over GeoVera.

## **CAUSES OF ACTION**

6.

GeoVera insured the Plaintiff under Policy No. GC00026161, which was in full force and effect on August 29, 2021.

7.

The Plaintiff's home suffered extensive damage and diminution in value as a result of Hurricane Ida on August 29, 2021.

8.

On or about October 19, 2021, GeoVera adjusted the loss and determined that the total damage to the home from Hurricane Ida to be $304.83, after Plaintiff's deductible and recoverable depreciation. This estimate did not, however, account for the total damage to the Plaintiff's insured property.

9.

GeoVera's adjustments of Plaintiff's claims are unreasonably low, unrealistic, and gave Plaintiff no opportunity to conduct the needed repairs caused by the storm.

10.

Plaintiff provided GeoVera via FedEx with estimates from GLS & Associates to repair the damages to her home from Ida in the total amount of $415,092.95. GeoVera received Plaintiff's

estimates on September 8, 2022, but has not responded to Plaintiff's estimate or proof of loss in violation of Louisiana law.

11.

GeoVera had satisfactory proof of loss upon its initial inspections of the premises, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm. Meanwhile, Plaintiff awaits sufficient funds from GeoVera to repair her home to its pre-storm condition. Her home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

12.

La. R.S. 22:1892 obligates an insurer to make a written offer to settle a property damage claim "within 30 days after receipt of satisfactory proof of loss of that claim." In addition, La. R.S. 22:1973 states that "failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing, when the failure is arbitrary, capricious, or without probable cause." GeoVera has violated both of these statutory obligations and duties in its dealings with the Plaintiffs.

13.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like GeoVera is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." GeoVera has misrepresented pertinent facts and insurance policy provisions in its dealings with the Plaintiff by representing that the original estimate was a fair estimate of the damages and by withholding an accurate and defensible accounting of the full extent of the Plaintiff's damages. GeoVera had satisfactory proof of loss upon its initial inspections of the premises, yet

unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm.

14.

GeoVera has failed to make a written offer to settle the full extent of the Plaintiff's property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making GeoVera liable to the Plaintiff for penalties, attorney's fees and costs under La. R.S. 22:1892.

15.

GeoVera's failure to fairly and promptly adjust the full extent of the Plaintiff's claim has caused her to suffer contractual and extra-contractual damages including, but not limited to, the additional time delays, additional deterioration to their home that has occurred while waiting for GeoVera to fairly pay her insurance claims, along with the grief, mental anguish, and worry over the uncertainty of whether she would have the funds necessary to repair her hurricane-damaged home to its pre-storm condition. As a result of those and other associated damages caused by GeoVera's dilatory tactics and delays, the Plaintiff is also owed their attorney's fees and costs.

16.

GeoVera knew or should have known that its failure to timely pay the Plaintiff's insurance claims prevented her from repairing their home, and it should have known that its failure to pay the Plaintiff's claims would cause her grief, mental anguish, and worry.

17.

WHEREFORE, **DIANNE DUPRE** prays that there be judgment in her favor against **GEOVERA SPECIALTY INSURANCE COMPANY** as follows:

(1) Finding GeoVera liable to the Plaintiff for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding her the same;

(2) Awarding the Plaintiff general damages caused by GeoVera's breach of its duty of good faith and fair dealing;

(3) For specific damages and general damages including, but not limited to, diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid;

(4) For any and all other relief that is justified under law and equity; and

(5) For trial by jury.

Respectfully submitted,

DEJEAN & NOLAND LAW OFFICE, LLC

/s/ Erik R. Noland
Erik R. Noland (#37245)
Felix "Andy" DeJean IV (#25028)
604 St Ferdinand St.
Baton Rouge, LA 70802
(225) 344-2639 - Telephone
(225) 346-5252 – Facsimile
erik@dejeannoland.com
andy@dejeannoland.com
*Attorneys for Dianne Dupre*

**SERVICE INSTRUCTIONS:**

**GEOVERA SPECIALTY INSURANCE COMPANY**
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809